1
2
3
4                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
5                              AT TACOMA

6    LESLIE H.,

7                                Plaintiff,         Case No. 3:20-cv-05892-TLF

8            v.                                     ORDER AFFIRMING
                                                    DEFENDANT'S DECISION TO
9    COMMISSIONER OF SOCIAL                         DENY BENEFITS
     SECURITY,
10
                                 Defendant.
11

12        Plaintiff has brought this matter for judicial review of Defendant's denial of her

13   application for disability insurance benefits ("DIB").

14        The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny

17   benefits.

18                        I.     ISSUES FOR REVIEW

19        1. Did the ALJ err in evaluating opinions from non-acceptable medical
             sources?
20        2. Did the ALJ provide clear and convincing reasons for discounting
             Plaintiff's testimony?
21
22                             II.     BACKGROUND

23        Plaintiff filed an application for DIB on July 7, 2014, alleging a disability onset

24   date of July 13, 2013. AR 23, 84. Plaintiff's application was denied initially and on

25

reconsideration. *Id.* On November 7, 2016, ALJ Kimberly Boyce issued a decision finding that Plaintiff was not disabled. AR 84-99. On December 22, 2017, the Social Security Appeals Council denied Plaintiff's request for review. AR 106-11. On December 3, 2018, this Court affirmed ALJ Boyce's decision. AR 23. On July 16, 2021, the United States Court of Appeals for the Ninth Circuit granted Commissioner's motion to vacate ALJ Boyce's decision and remand this case for further proceedings consistent with the United States Supreme Court's decision in *Carr v. Saul*, __ U.S. __, 141 S. Ct. 1352, __ L. Ed. 2d __ (2021).

Plaintiff filed a new application for DIB on February 2, 2018, alleging a disability onset date of November 8, 2016. AR 23, 229-34, 235-36. Plaintiff's application was denied initially and on reconsideration. AR 23, 148-55, 158-64. On July 31, 2019, ALJ Glenn Meyers issued a partially favorable decision, finding that Plaintiff was disabled beginning on May 23, 2019, the day she reached 55 years of age. AR 18-40. The ALJ found that Plaintiff was not disabled between her alleged onset date of November 8, 2016 and May 23, 2019, and that there were a significant number of jobs Plaintiff could perform during this period. AR 38-39.

Plaintiff seeks judicial review of ALJ Meyers May 23, 2019 decision, specifically his finding that Plaintiff was not disabled between of November 8, 2016 and May 23, 2019. Dkt. 1. Accordingly, the decision below addresses the sufficiency of ALJ Meyers decision as it relates to this period, and makes no findings as to whether Plaintiff was disabled during the period prior to November 8, 2016, which is still under adjudication.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

III.    <u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

IV.    <u>DISCUSSION</u>

In this case, the ALJ found that Plaintiff had the severe impairments of irritable bowel syndrome, thyroid disorder, chronic fatigue syndrome, essential tremor, adult onset fluency disorder (stutter), depressive disorder, and anxiety disorder. AR 25-26.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that as of Plaintiff's alleged onset date, November 8, 2016, Plaintiff could perform a reduced range of light work. AR 28. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform her past work between November 8, 2016 and May 23, 2019, but that there were a significant number of jobs Plaintiff could perform at step five of the sequential evaluation; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled during this period. AR 38-39, 77-79.

A.    <u>Whether the ALJ properly assessed evidence from non-acceptable medical sources</u>

Plaintiff contends that the ALJ erred in evaluating opinions from non-acceptable medical sources, including naturopathic sources Anna Colombini, N.D. and Corina B. Going, N.D. and Plaintiff's former employer and friend. Dkt. 11, pp. 3-7, 13-17.

For cases filed prior to March 27, 2017, an ALJ could discount the opinion of a non-acceptable medical source, such as a naturopath or a former employer, if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 404.1502. For disability claims filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. §§ 404.1502(e); 404.1520c(d).

1. Dr. Colombini and Dr. Going

Treating naturopath Dr. Colombini provided several opinions concerning Plaintiff's physical and mental limitations. In July 2016, Dr. Colombini opined that Plaintiff would have a range of moderate, marked, and extreme work-related mental limitations, and would also have significant limitations stemming from her physical impairments. AR 1032-34, 1040-41.

On August 27, 2018, Dr. Colombini offered a similar opinion, stating that Plaintiff would be unable to work more than 20 hours per week, could not repetitively lift more than 10 or 20 pounds, and would be easily fatigued with repetitive physical action that requires lifting or other strenuous activities. AR 692.

Naturopathic source Dr. Going also offered opinions concerning Plaintiff's mental and physical limitations in July 2016, and similarly found that Plaintiff would have a range of moderate, marked, and extreme work-related mental limitations and significant physical limitations. AR 1043-45, 1047-48.

1   Dr. Going offered a similar opinion concerning Plaintiff's mental and physical

2   limitations on March 6, 2018. AR 593-97.

3   The ALJ noted that Dr. Colombini and Dr. Going are not acceptable medical

4   sources, and under the new regulations, the ALJ was not required to consider their

5   2016 or 2018 opinions at all. AR 96; 20 C.F.R. §§ 404.1502(e); 404.1520c(d).

6   However, even if the ALJ was required to evaluate this evidence, the ALJ has

7   provided germane reasons, supported by substantial evidence, for discounting the 2018

8   opinions of Dr. Colombini and Dr. Going.

9   The ALJ found Dr. Going's opinion "unpersuasive" and Dr. Colombini's opinion

10   "somewhat persuasive", finding that they were, among other reasons, both inconsistent

11   with the medical record. AR 35-36. In so finding, the ALJ has provided a germane

12   reason for discounting their opinions. *Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir.

13   2005) (an inconsistency with the medical record can serve as a germane reason for

14   discounting an opinion from a non-acceptable medical source).

15   The ALJ also declined to address the 2016 opinions of Dr. Going and Dr.

16   Colombini, reasoning that they pre-dated the period under consideration. AR 36. While

17   the period prior to ALJ Boyce's November 7, 2016 decision is still under adjudication,

18   the ALJ's finding that this evidence was less probative as to the period at issue is

19   supported by substantial evidence, and, as discussed above, any error in the ALJ's

20   evaluation would be harmless, since the ALJ was not required to consider this evidence

21   under the new regulations. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

22   1165 (9th Cir. 2008) (stating that "[m]edical opinions that predate the alleged onset of

23

24

25

1    disability are of limited relevance"); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir.

2    2012) (Harmless error principles apply in the Social Security context).

3        2.  <u>Plaintiff's Employer and Friends</u>

4        Plaintiff's former employer, who worked with Plaintiff from 2010 through 2013,

5    provided a statement concerning her past work responsibilities and the circumstances

6    surrounding her departure from work on March 3, 2017. AR 297.

7        Plaintiff's friends and former co-workers provided opinions concerning Plaintiff's

8    functional limitations on February 28, 2018 and July 31, 2018. AR 278-85, 330-31.

9        As discussed above, the ALJ was not required to evaluate this evidence under

10   the revised Social Security regulations. *See supra* Section IV.A.1.

11       However, the ALJ nevertheless considered this evidence, finding that the opinion

12   from Plaintiff's former employer was unpersuasive because it did not relate to the period

13   at issue, and discounted the opinions from Plaintiff's friends and co-workers because

14   they were predicated on Plaintiff's subjective allegations, which have been properly

15   discounted for the reasons discussed below, and were not supported by the objective

16   evidence. AR 36-37; *see infra* Section IV.B; *Baylis v. Barnhart*, 427 F.3d 1214, 1218

17   (9th Cir. 2005); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.

18   2008); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (An ALJ may reject

19   an opinion "if it is based 'to a large extent' on a claimant's self-reports that have been

20   properly discounted) (internal citations omitted).

21       Accordingly, the ALJ did not err in evaluating the opinions from these non-

22   acceptable medical sources.

23

24

25

1
2

B. <u>Whether the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony</u>

3

Plaintiff contends that the ALJ erred by not providing clear and convincing

4

reasons for discounting her symptom testimony. Dkt. 11, pp. 8-13.

5

In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo*

6

*v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

7

there is objective medical evidence of an underlying impairment that could reasonably

8

be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

9

F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

10

evidence of malingering, the second step allows the ALJ to reject the claimant's

11

testimony of the severity of symptoms if the ALJ can provide specific findings and clear

12

and convincing reasons for rejecting the claimant's testimony. *Id.*

13

In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's

14

allegations concerning her physical and mental impairments were not supported by the

15

medical record; (2) the record contains minimal evidence concerning Plaintiff's mental

16

limitations; (3) Plaintiff received minimal treatment for her physical impairments; (4)

17

Plaintiff was often not compliant with her medication regimen; (5) Plaintiff's physical

18

impairments improved with treatment; and (6) Plaintiff's allegations were inconsistent

19

with her ability to engage in certain activities of daily living. AR 29-34.

20

With respect to the ALJ's first reason, inconsistency with the objective evidence

21

may serve as a clear and convincing reason for discounting a claimant's testimony.

22

*Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

23

1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely*

24

because the degree of pain alleged is not supported by objective medical evidence."

25

1    *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks

2    omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995)

3    (applying rule to subjective complaints other than pain).

4         As for the ALJ's second reason, a lack of consistent treatment can indicate that a

5    claimant's impairments are not as serious as alleged, and can serve as a clear and

6    convincing reason for discounting a claimant's allegations concerning his or her mental

7    impairments. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

8         Here, the ALJ found that while Plaintiff has periodically been diagnosed with

9    episodes of depressive disorder, she has engaged in minimal mental health treatment,

10   takes no medication for her psychiatric conditions, and some of Plaintiff's symptoms

11   stem from chronic fatigue rather than depression. AR 31, 812, 869, 901. The ALJ's

12   conclusions are supported by the record, and in so finding, the ALJ has provided a clear

13   and convincing reason for discounting Plaintiff's testimony concerning her mental

14   impairments.

15        In citing Plaintiff's non-compliance with her treatment regimen, and her

16   improvement when she was compliant with that regimen, the ALJ has provided

17   additional clear and convincing reasons for discounting Plaintiff's testimony concerning

18   her physical impairments.

19        An inadequately explained failure to follow a prescribed treatment regimen can

20   serve as a valid reason for discounting a claimant's testimony. *See* Social Security

21   Ruling ("SSR") 16-3p (if an individual fails to follow prescribed treatment that might

22   improve symptoms, an ALJ may find that the alleged intensity of an individual's

23   symptoms is inconsistent with the record). SSR 16-3p; *see also Fair v. Bowen*, 885 F.2d

24

25

597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to . . . follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony.").

Here, the ALJ found that instead of taking prescribed replacement hormones for her thyroid condition, Plaintiff took a "high risk" desiccated animal thyroid at an uncertain dose, did not stop taking liothyronine despite treatment recommendations, which resulted in abnormal test results, tremors, a rapid heart rate, and feeling too hot, and pursued naturopathic treatment that her treating physician characterized as "quackery". AR 32, 652, 866, 869, 948-49.

The ALJ further found that when Plaintiff did pursue conservative treatment, such as physical therapy, medication, exercise and dietary changes, she reported improvements with respect to her gastrointestinal symptoms and her leg and motor strength and denied ongoing symptoms of depression. AR 33, 816, 828, 846, 865-66, 905, 907; 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

Accordingly, the ALJ has provided clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony concerning her mental and physical impairments.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 21st day of September, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 10